UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SEAN ALBA,
and JACOB HAHN,

        Plaintiffs,

  v.

        Case No. 15-cv-90-pp

UNIVERSAL WINDOWS DIRECT OF WISCONSIN INC.,
ERK BESTE, and JOHN J. LAMBRECHT, JR.,

        Defendants.

**ORDER DENYING WITHOUT PREJUDICE MOTION FOR SATISFICATION OF JUDGMENT DUE TO DISCHARGE IN BANKRUPTCY (DKT. NO. 67)**

After the parties reached a settlement, the court entered judgment on January 5, 2018. Dkt. No. 55. Four months later, the plaintiffs filed a Rule 7(h) expedited non-dispositive motion asking the court to convert the balance of payments due under the agreement to a judgment because the defendants had failed to make payments. Dkt. No. 59. The court granted that motion and, on July 17, 2017, entered judgment in favor of plaintiffs in the amount of $28,076.81 against Universal Windows Direct of Wisconsin, Inc. d/b/a Universal Windows Direct and Roofing of Milwaukee, Erik Beste and John J. Lambrecht, Jr. Dkt. No. 66. The plaintiffs filed and docketed the judgment in Milwaukee County Circuit Court as Case No. 2018-TJ-402. Dkt. No. 67 at 7-10 (date stamp May 2, 2018). The attached affidavit dated March 28, 2018, which

1

appears to have been filed in the Milwaukee County Circuit Court, is signed by Attorney Dorothy Ann Case. Dkt. No. 67 at 10.

On May 31, 2018, defendant Erik Beste filed a Chapter 7 bankruptcy petition in this district, Case No. 18-25474-bhl, and received an order of discharge on December 6, 2018 from then-Bankruptcy Judge Brett H. Ludwig, dkt. no. 67 at 11; 67-4. Two years later, defendant Beste filed this motion for satisfaction of judgment under Fed. R. Civ. P. 69 and Wis. Stat. §806.19. Dkt. No. 67. The plaintiffs did not respond to this motion.

Rule 69 of the Federal Rules of Civil Procedure governs execution of a money judgment. Fed. R. Civ. P. 69. It provides that a judgment is enforced by a writ of execution, unless the court directs. It further provides that the "procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed. R. Civ. P. 69(a). The rule does not provide for a satisfaction of judgment when debts are discharged in bankruptcy.

The defendant also cites Wis. Stat. §806.19, which governs satisfaction of judgments. Section (4) covers a person who has secured a discharge of a judgment debt in bankruptcy:

> (4)(a) Any person who has secured a discharge of a judgment debt in bankruptcy and any person interested in real property to which the judgment attaches may submit an application for an order of satisfaction of the judgment and an attached order of satisfaction to the clerk of the court in which the judgment was entered.
>
> (b) The application and attached order shall be in substantially the following form:

2

Case 2:15-cv-00090-PP   Filed 12/23/20   Page 2 of 4   Document 69

APPLICATION FOR ORDER OF
SATISFACTION OF JUDGMENTS
DUE TO DISCHARGE IN BANKRUPTCY
TO: Clerk of Circuit Court .... County
1. ... (Name of judgment debtor) has received an order of discharge of debts under the bankruptcy laws of the United States, a copy of which is attached, and ... (Name of judgment debtor or person interested in real property) applies for satisfaction of the following judgments:
... (List of judgments by case name, case number, date and, if applicable, judgment and lien docket volume and page number.)
2. a. Copies of the schedules of debts as filed with the bankruptcy court showing each judgment creditor for each of the judgments described above are attached; or
b. Each judgment creditor for each of the judgments described above has been duly notified of the bankruptcy case in the following manner: .... (statement of form of notice).
3. The undersigned believes that each judgment listed above has been discharged in bankruptcy, and no inconsistent ruling has been made by, or is being requested by any party from, the bankruptcy court.
Dated this ... day of ..., ... (year).
. . . .

ORDER OF SATISFACTION
The clerk of circuit court is directed to indicate on the judgment and lien docket that each judgment described in the attached application has been satisfied.
        (Signature)
        Circuit Judge

(bm) The copy of the order of discharge that is attached to the application shall be either a certified copy or a photocopy of the order in the form in which it was served on parties in interest by the bankruptcy court.

(c) Any person submitting an application and attached proposed order shall serve a copy of the completed application and attached proposed order on each judgment creditor for each of the judgments described in the application within 5 business days after the date of submission.

(d) Upon receipt of a completed application, the clerk shall submit the attached proposed order for signature by a judge after which the clerk shall satisfy of record each judgment described in the application. Upon satisfaction, a judgment shall cease to be a lien

3

> on any real property that the person discharged in bankruptcy owns
> or later acquires.

Wis. Stat. §806.19.

The defendant appears to be trying to use the Wisconsin procedure for satisfaction of judgments, but he does not appear to have followed that procedure. He has not attached the schedule of debts identifying the plaintiffs in this case. The defendant filed, as exhibit D, a page from bankruptcy Schedule E/F (the list of unsecured creditors) listing "others to be notified about a debt that you already listed." Dkt. No. 67 at 13. The plaintiffs are not on this list. The defendant put brackets around the name and address of the Case Law Firm. That law firm did not represent the plaintiffs in this federal civil; the Hawks Quindel firm did.

The defendant did not attach the bankruptcy schedules and did not provide proof that the plaintiff had been notified of the bankruptcy. He did not certify that he believed this debt had been discharged and there had been no court ruling to the contrary. Because the defendant has not complied with the Wisconsin statute, the court will deny the motion without prejudice.

The court **DENIES WITHOUT PREJUDICE** defendant Erik Beste's motion for satisfaction of judgment. Dkt. No. 67.

Dated in Milwaukee, Wisconsin this 23rd day of December, 2020.

BY THE COURT:

_____
HON. PAMELA PEPPER
**Chief United States District Judge**
